[No. 2188.  Decided June 12, 1896.]

J. C. PROEBSTEL, *Appellant*, v. STATE INSURANCE COMPANY, *Respondent.*

INSURANCE — SUSPENSION BY NON-PAYMENT OF PREMIUM — WAIVER — JUDGMENT FOR PREMIUM.

An agreement by an insurance company to cancel a judgment for the amount of premium notes and throw off the court costs if the assured would pay same by a given date does not amount to an extension of the time of payment of the premium, when there is no agreement on the part of the insurance company that it should have that effect.

A confession of judgment for the amount of premium notes due an insurance company is not equivalent to a payment of the premium.

Appeal from Superior Court, Clarke County.— Hon. A. L. Miller, Judge.    Affirmed.

*Snow & McCamant,* and *W. H. Metcalf,* for appellant.
*W. T. Slater, W. Byron Daniels,* and *Moody, Coovert & Stapleton,* for respondent.

The opinion of the court was delivered by

Scott, J.—This was an action upon an insurance policy to recover for a loss by fire.    The company resisted on the ground that at the time the fire occurred, the policy was not in force, in consequence of the failure of the insured to pay the premium.    The court held upon the facts shown by the plaintiff that there could be no recovery and took the case from the jury, and the plaintiff has appealed.

The policy was issued in May, 1894, to continue for a period of five years except as provided by certain stipulations in the policy, one of which is hereinafter set forth.    The total premium amounted to $105; of this sum appellant paid $30 at the time of taking out the insurance, and executed two notes for the remainder, each for the sum of $37.50, to become due respectively October 1, 1894, and October 1, 1895. The stipulation last referred to was as follows:

" It is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned, while any note or part thereof, or order given for the premium remains past due and unpaid; and in case of default in payment at maturity of any note or part thereof or order given for the premium, the whole premium shall be deemed fully earned, and shall at once be due and collectible, and the collection whether by legal process or otherwise, payment or receipt of payment thereof, shall in no case revive or create any liability against company for loss occurring while the assured was so in default.

The payment of the premium, however, revives the policy and makes it good for the balance of its term."

Appellant claims that the time for the payment of the premium was further extended until June 1, 1895, and that the same was not due by reason thereof at the time of the fire. This contention was based upon certain correspondence between appellant and the company's agents after he had defaulted in the payment of the note which first became due. One of the letters written by the company to him is as follows:

"Salem, Ore., February 18, 1895.
"J. C. Proebstel, Esq., Brush Prairie, Wash.:
"Dear Sir —Answering your letter of the 16th inst., requesting further time in which to pay your note that was given for policy No. 48,817, past due since the first day of last October, will say that we would like to accommodate you by giving you further time in which to pay this note, but under our rules we cannot do so without receiving a payment of at least $20. If you will send us this amount by return mail, upon receipt we will credit same on your note, revive your insurance which is now suspended by reason of your note being past due and unpaid; and give you until the first day of next May in which to pay the balance. Hoping you will accept this offer and awaiting an early reply, I am,
"Yours truly,        E. C. Giltner,
"Secretary and Manager."

. Appellant failed to comply with this offer, and thereafter, in March, 1895, he received by letter from an attorney for the company with whom his notes had been left for collection, a proposition to confess judgment thereon, and a form for a confession of judgment for the entire amount of the premium remaining unpaid was sent therewith, which he was requested to execute and return to said attorney. This letter contained the following statement:

"   .   .   .   if you will remit the amount named therein to me on or before June 1, 1895, the judgment will be cancelled without any costs whatever to you, and your note promptly forwarded to you."

The letter also contained a statement that if he did not execute and return the confession of judgment suit would be commenced to recover the sum mentioned with costs and attorneys' fees.   Upon receipt of this letter, appellant executed the confession of judgment and sent it to the defendant.   Thereafter, on May 15th, appellant, anticipating that he would be unable to make said payment on June 1st, wrote to the attorney who had charge of the matter another letter, which contained the following clause:

" DEAR SIR—With regard to the judgment that you hold on me that will be due the 1st of June, I wish to say that it is beyond my present knowledge to know how to get the money to pay it.   If it was later in the season I could handle it better;"

and he offered to turn over to the company a note of another party for collection to apply in payment of the judgment, whereupon said attorney wrote to him as follows:

"SALEM, OREGON, May 18, 1895.
" J. C. Proebstel, Brush Prairie, Wash.:
" DEAR SIR— I am just in receipt of your letter of the 15th, stating that you will not be able to pay your judgment which becomes due the 1st day of June, and inclosing a note which you hold against your brother, M. R. Proebstel, which you ask to be collected.   I am sorry to say that I cannot assist you in collecting this note, as M. R. Proebstel is already indebted to the Insurance Company, and, therefore, it gives no hold on him.   If it were possible to assist you I would gladly do so.   If you are not able to pay all of your judgment by the 1st of June, if you can pay $41.56 by the 1st of June, the balance will be extended until the 1st

day of October, and on payment of the full amount due at that time, your insurance will be revived.

"Hoping that this will materially assist you in freeing yourself from the difficulty, I am,

"Yours very truly,          W. T. Slater."

It does not appear that there were any other material communications between the parties. The fire occurred two days after the date of the last letter. Nothing had been paid upon the premium with the exception of the $30 paid at the time the policy was issued. We are of the opinion that the facts showed that the plaintiff was not entitled to a recovery. We shall not undertake to review the numerous authorities cited by counsel upon either side. Some of them are not in point, and others cited by appellant relate only to general propositions, such as forfeitures are not favored in law; that the provisions of the policy may be waived and that they should be most strongly construed against the company, etc., none of which we regard as having any great bearing upon the case. We are of the opinion that, during the period in which the policy was to continue in force except as specified, the company had a right to diligently at least proceed to collect the balance of the premium, whether it could have done so after an unreasonable delay or after the lapse of said period or not.

There is no contention upon the part of the appellant in his complaint or reply that the terms of the policy had been misrepresented to him in any manner. It appears that it was a contract fairly entered into between the parties. He insists that the confession of judgment amounted to a payment of the notes, but, be this as it may, it did not amount to a payment of the premium, and under the conditions of the policy, after a default in payment it could be revived only by a payment of the premium, and such revival would

follow whether payment was made voluntarily or was enforced.   There was no statement in the letter accompanying the request for the confession of judgment that the policy would be revived or continue in force by such confession.   The proposition was that if the appellant would pay the sum on or before June 1st, he could do so without the payment of any costs.   It is true that in his letter of May 15 stating that he would be unable to pay the judgment, he referred to it as becoming due on the 1st of June, and the answer of the attorney thereto contained a like statement, but this must be construed as referring to the condition' exempting appellant from paying costs, in case he paid the judgment on or before that time, for the letter also contained the express statement that only on payment of the full amount would the insurance be revived. Consequently there was no room for any misunderstanding in that respect.   Appellant admitted the receipt of this letter, and himself put it in evidence. He offered to show at the trial that he believed at the time of the fire, by reason of the foregoing matters, that his policy was in force.   The court excluded this testimony, — and properly so, — for it mattered not what he believed with respect thereto, unless he had been led to believe so by the defendant, and there was nothing in the transactions between appellant and the defendant or any of its agents after default was made in the payment, upon which such a contention could be based.   He was duly notified that the amount was due and that the company relied upon the condition of the policy exempting it from liability while it remained unpaid.

Affirmed.

HOYT, C. J., and DUNBAR, J., concur.

ANDERS and GORDON, JJ., not sitting.